OLVIN RAYMOND & wife *vs.* PETER ANDREWS.

The provisions of the Rev. Sts. *c.* 101, for the recovery, by the demandant in a writ of entry, of damages for rents and profits, and for waste, supersede all previously existing remedies therefor at common law; and such damages need not be specifically demanded in the writ.

THIS was an action of trespass for breaking and entering

the female plaintiff's close, situate in Shirley, and cutting, taking, and carrying away certain trees then and there being and growing.   The action was commenced on the 29th of September, 1849, and was submitted to the court upon the following statement of facts: —

Lucy Fletcher died September 17th, 1817, seized in fee of the real estate in question, and leaving children, of whom the female plaintiff was one.   Joseph Fletcher, the husband of Lucy and father of her children, survived her, and took a life estate as tenant by the curtesy in her real estate, including the *locus in quo,* and died April 3d, 1844.

Previous to the death of Lucy Fletcher, on the 28th of March, 1817, Joseph Fletcher made a deed of warranty of the premises to one Jesse Farnsworth; from whom, through sundry mesne conveyances, the defendant claimed title; the intermediate grantees respectively entered and occupied under Joseph Fletcher; and after his death the plaintiffs entered into and upon the premises, claiming them as the inheritance of the female plaintiff.

At the time of the death of Joseph Fletcher, the premises were covered with timber and other trees, and after his death, the defendant entered upon them, and cut and carried away all the trees growing and being thereon, and converted the same to his own use.   A part were cut and carried away before the entry of the plaintiffs, as above mentioned, and a part after such entry, but all previous to July 1st, 1846.

On the 23d day of July, 1846, the plaintiffs sued out a writ of entry against the present defendant, in common form, returnable in this court, wherein they demanded seizin and possession of the premises, as the inheritance of the female plaintiff; but the declaration contained no allegation that the defendant had cut and carried away from the premises any trees, or committed any waste or destruction thereon, or that he had taken any rents or profits therefrom.

The writ of entry was regularly entered in court, and regularly continued from term to term, and tried upon the general issue, and a verdict rendered for the plaintiffs; but no question was submitted to the jury touching any damages done to the

premises, in any form, by the defendant; nor any question concerning mesne profits; and judgment was afterwards rendered upon the verdict against the defendant for seizin and possession of the premises on the 20th of November, 1848. And possession thereof was taken by force of a writ of possession on the 29th of November, 1848, and delivered by the officer to the plaintiffs.

If the court should be of opinion that the plaintiffs are entitled to recover upon the above facts, then the amount of damages is to be ascertained by an assessor appointed by the court, if the parties so agree, if not, by a jury; otherwise judgment is to be rendered for the defendant for his costs.

*G. F. Farley* and *B. Russell*, for the plaintiffs, cited Rev. Sts c. 101, §§ 14, 15; *Gooch* v. *Stephenson*, 1 Shep. 371; Jackson on Real Actions, 27; *Prescott* v. *Hutchinson*, 13 Mass. 439 Rev. Sts. of Maine, c. 145, § 14 et seq.; *Pierce* v. *Strickland*, 12 Shep. 440.

*J. G. Abbott*, for the defendant.

SHAW, C. J. This case presents an interesting question, upon the construction of that part of the revised statutes, which has wrought a greater change in the law and practice of the state, then is made in any other part of the code. The chapter referred to, (c. 101,) contains many new provisions in regard to remedies for the recovery of freehold estates in lands, and to the rights and obligations incident thereto. In the fourteenth section it is provided, that in the common writ of entry, which is alone preserved, if the demandant recovers the land, he shall also recover his damages for rents and profits, if any, and for any waste of the property for which the tenant may be liable, and that the tenant shall also have an allowance for improvements; and the modes are specifically pointed out, in which these several claims may be made and tried.

In this case, it appears that the plaintiffs formerly commenced a real action against the defendant under the above provisions of the revised statutes, in which they recovered judgment for the land, and had a writ of seizin by which they were put into possession. In that suit, no claim was made by the demandants, for rents and profits, or for waste, and no

claim was made by the tenant for improvements. This is an action of trespass, for damages and mesne profits, in pursuance of the law and practice as they existed before the revised statutes. The question is, whether the above-cited provisions of the revised statutes afford a cumulative remedy only, leaving the former remedy open; or whether they are exclusive, and supersede the former.

The court are of opinion, that the remedy prescribed in the revised statutes is exclusive; they afford as perfect and complete a remedy; they afford this remedy with limitations and qualifications well adapted to preserve the equitable rights of both parties, but which would not apply to an action of trespass; they avoid multiplicity of actions, and by necessary implication supersede the latter action.

It was intimated, in behalf of the plaintiff, that this claim for *mesne* profits could not have been tried in the former action, because it was not stated in the plaintiffs' writ. But this conclusion does not follow. The statute prescribes specifically what the demandant in a writ of entry shall set forth, namely, his own seizin, and a disseisin by the tenant. The matter put in issue by the plea of *nul disseisin* is the title; but the statute interposes, and makes the claim of damage against the tenant incident to the right of recovery. The thirty-first section expressly provides, that nothing in this chapter shall prevent the demandant from having his action of trespass for *mesne* profits, or for damages, against any person " except the tenant in the writ of entry." This is a strong implication, that against him the proceedings are conclusive.

As a claim for *mesne* profits is incident to a legal claim to the land, a writ, containing a demand for the land, does necessarily draw in question, and put in issue, a claim for the damage, if any exists; and a judgment for the demandant, either allowing it, or in which no such allowance is made, nothing being said about it, will upon common principles be conclusive against any further action, as *res judicata.* If damage is allowed, it is clear that it cannot be claimed again. If nothing is said in the judgment as to its being allowed, the conclusion of law is, that the demandant either made no such claim or

could establish none. It is like suing for any other demand, and not recovering it. The judgment is conclusive.

But we have said, that these provisions in the revised statutes secure the rights of the tenant, in a manner which cannot be done in an action of trespass. By §§ 16, 17, and 18, the rents and profits are to be assessed upon equitable principles. By § 28, the tenant is allowed to set off, against any claim for *mesne* profits and damages, any claim which he may have for improvements. In this case, the tenant may have forborne to make any claim for improvements, in the original action, because the demandant therein made no claim on the trial for damages.

One argument for the plaintiff is, that he ought to be allowed to elect, whether he will claim damages in the original action under the revised statutes or not, because the questions of title may be very complicated, and it would tend to confuse and perplex the jury, to try the farther questions of *mesne* profits. waste, improvements, and the value of the land independent of the improvements.

This is true; but it may also happen, that the question of title may depend on questions of law, by which the case is withdrawn from the consideration of the jury; and that there may be nothing for them to try but these incidental facts. The decisive answer, however, is, that such a case is fully provided for by the statute, by which full authority is given to the court, before whom the case is tried, to postpone the trial of these questions, if it appear to be more convenient, until after the trial of the title and verdict thereon, and full provision is made for the trial of these questions afterwards. There is therefore no practical danger to be apprehended of making the trial too complicated, because in any case where this is likely to happen, of which the judge at the trial, with the whole case before him, is most competent to decide, the question may be separately tried.

On the whole, the court are of opinion, that the legislature intended by this series of provisions to embrace the whole question of title and its incidents, so far as they arise between the same parties, in one action, namely, the original writ of

23 *

entry, and that this action of trespass for *mesne* profits against the tenant, after a recovery in a writ of entry, cannot be maintained.