[No. 7,805.  Department Two.—June 28, 1884.]

JAMES O'DONNELL ET AL., RESPONDENTS, v. HENRY KRAMER AND THE BENICIA WATER CO., APPELLANTS.

MECHANICS' LIEN—PLEADINGS.—In an action to enforce a laborer's lien, where the complaint does not allege that any money was due the contractor, but the answer presents that issue, and the court finds thereon, a judgment consistent with the case as presented may be given, as provided by section 580 of the Code of Civil Procedure.

ID.—No lien exists in favor of a laborer beyond the amount due from the owner of the property to the contractor.

APPEAL from a judgment of the Superior Court of Solano County.

The defendant Kramer was a contractor, and agreed with the defendant, the Benicia Water Co., to construct a reservoir, but before the completion of the contract abandoned the work: Kramer was indebted to the plaintiffs for work done on the reservoir, and each filed a lien on the property of the defendant.

The action was brought to enforce the lien. The remaining facts are stated in the opinion of the court.

*L. B. Mizner*, and *George A. Lamont*, for Appellants.

*Joseph McKenna*, for Respondents.

The COURT.—Action to enforce laborers' liens. The complaint did not aver that any money was due the contractor, but the answer presented that issue, and the court found thereon. We therefore think the case is within section 580 of the Code of Civil Procedure. The court found that the amount due the contractor when he abandoned the contract was one hundred and ninety dollars, but gave judgments for plaintiffs for the full amount due them. This was error; the judgment should have been for the one hundred and ninety dollars. (*Latson* v. *Nelson*, 11 Pac. C. L. J. 589.)

The cause is remanded, with instructions to modify the judgment by reducing the amount for which a sale should be made to one hundred and ninety dollars, with interest, costs, and attorney's fee, to be properly apportioned among the plaintiffs.