ELIZABETH POOLE *vs.* ELIZABETH GREER.

*Case—Damages for Obstructing a Right of Way—Private Way—*
*Public Way—Right of way Appurtenant to Land—Map show-*
*ing Street—Dedication of Street to Public Use—Measure*
*of Damages—Motion to set aside the Verdict—Dam-*
*ages Excessive—Amount Reduced.*

1.    A right of way may be defined generally, to be a right to pass over the land of another.   It may be a private way or a public way.   It may belong to one or several persons, or to the entire community.

2.    Where the owner of land makes a map of it, showing a street upon it, and sells lots abutting on and calling for said street; the purchaser acquires a right to use the said street, against such original owner and subsequent purchases under him. .

3.    Such a right of way is appurtenant to the land, and will pass by a deed of the land without express mention of such right.   In such case the grantee has a right of way which the grantor cannot modify, restrict or interfere with by subsequent conveyance of the fee in the land over which the right of way extends, or otherwise.   Such subsequent conveyance will be subject in all respects to the prior right of way as granted.   The subsequent grantee will take the fee with that burden.

4.    Where the owner of land has plotted, marked out and fixed the width and boundaries of a street by well defined bounds, as shown by a plot made by him, and by selling lots abutting thereon, such action on the part of the owner of the land will clothe every purchaser of lots, abutting upon and calling for such street, with the right to the free and unobstructed use of the said street.

5.    In an action to recover damages for obstructing a right of way, the plaintiff must show, (1) That he had at the time of the obstruction a right to use the street or way, as claimed; (2) that such right of way was wrongfully obstructed by the defendant as set forth in the declaration, and (3) that thereby the plaintiff  has been injured and sustained damage.

6.    Measure of damages stated.

7.    Upon a motion to set aside the verdict on the ground that the damages awarded were excessive, the plaintiff consented that the damages should be reduced to a certain amount, and thereupon the Court ordered that the verdict be entered for such sum..

*(Feb.* 25, 1907.)

LORE, C. J., and PENNEWILL, J., sitting.

*Wm. H. Cooper, Jr.,* for plaintiff.

*John H. Rodney* and *Richard S. Rodney* for defendant.

Superior Court, New Castle County, February Term, 1907.

CHARGE.

Action on the case (No. 81, February Term, 1905).

Lore, C. J., charging the jury:

Gentlemen of the jury:—This is an action, to recover damages for obstructing a right of way.

The plaintiff, Elizabeth Poole, claims that in the year 1904, she was seized and possessed of two certain lots of land, messuages and appurtenances, situate in the City of New Castle in this county, abutting upon and bounded in part by Forrester Avenue, by virtue of two deeds of conveyance dated respectively May 28, 1891, and December 1, 1894. That she had a right of way in and over the said Forrester Avenue; that Elizabeth Greer, the defendant, obstructed the said right of way in 1904 by placing a fence, posts, plank and wood across the said avenue; thereby injuring the plaintiff, for which injury she claims damages in this suit.

A right of way may be defined generally, to be a right to pass over the land of another. It may be a private way or a public way. It may belong to one or several persons, or to the entire community.

The declaration in this case contains two counts. In the first count the right of way is claimed as appurtenant to the lots and messuages above named and arising from the terms, tenor and effect of the said deeds of conveyance.

The plaintiff claims, that a former owner of the land, of which her said lot was a part, made a plot of the land and marked and laid out thereon streets and avenues, among which was said Forrester Avenue, and sold lots abutting on and calling for such streets, thereby creating the right of way in said Forrester Avenue.

It is unquestionably law, where the owner of land makes a map of it, showing a street upon it, and sells lots abutting on and calling for said street; that the purchaser acquires a right to use the said street, against such original owner and subsequent purchasers under him.

*Franklin Ins. Co. vs. Cousins*, 127 *Mass.* 258; *Dill vs. Board of Education*, 47 *N. J. Eq.* 421.

Such a right of way is appurtenant to the land, and will pass by a deed of the land and without express mention of such right.

*Kent vs. Waite*, 27 *Mass.* 38; *Brown vs. Thirsall*, 60 *Mass.* 265.

In such case, the grantee has a right of way which the grantor cannot modify, restrict or interfere with, by subsequent conveyance of the fee in the land over which the right of way extends or otherwise. Such subsequent conveyance will be subject in all respects to the prior right of way as granted. The subsequent grantee will take the fee with that burden.

The second count, claims Forrester Avenue as a public highway; that it was made so by plotting, marking out and fixing the width and boundaries of the streets by well-defined bounds by the original owner as shown by the plot in this suit, and by selling lots abutting thereon; that by so doing the street was dedicated to public use and became a public highway, in which the plaintiff had a common right of way with others who might use the same.

Whether such action on the part of the owner of land, would constitute a dedication of a street as a public highway, we deem it unnecessary to determine in this case; but we do say to you that such action would clothe every purchaser of lots abutting upon and calling for such street, with the right to the free and unobstructed use of the said street.

The defendant contends that the first count of the declaration is fatally defective because it describes the right of way as "*toward* the Holcomb Road," and does not otherwise designate the terminus. We think this is a matter of greater particularity and description, and should have been raised on special demurrer, if at all, and may not now be considered under the issue made by the pleadings.

Defendant further contends that Forrester Avenue was not and is not a public or private way but is part of the field under cultivation. Further, that even if it was such a way, that the full thirty feet in width was and is open and unobstructed, and

that the alleged fence or obstructions complained of were upon the defendant's own land as ascertained by survey.

The right to recover in this action is based upon the wrongful obstruction of the plaintiff's right of way by the defendant. It is incumbent, therefore, upon the plaintiff to satisfy you by a preponderance of the proof; (1) that the plaintiff had at the time of the obstruction a right to use Forrester Avenue as claimed; (2) that such right of way was wrongfully obstructed by the defendant as set forth in the declaration; (3) that thereby the plaintiff has been injured and sustained damage.

Should you conclude that such proof has been satisfactorily made, your verdict should be for the plaintiff and for such sum as will reasonably compensate her for the actual damages she has sustained as disclosed by the evidence.

On the other hand, if the evidence shows that the plaintiff had no right of way in Forrester Avenue as claimed; or if having such right of way it was not obstructed by the defendant; or if so obstructed that the plaintiff has sustained no damage, your verdict should be for the defendant.

Verdict for plaintiff for $200.

The Court, upon motion of defendant's counsel, granted a rule to show cause why the verdict should not be set aside and defendant let into a new trial.

On February 27th, 1907, in arguing said rule, counsel for defendant contended that the verdict of the jury was excessive, no actual damages having been proved, and that the verdict at most could be only for nominal damages.

1 *Woolley on Delaware Practice, Sec.* 736, *page* 55.

*Cooper* for plaintiff replied that the plaintiff had testified that she was damaged by the two years' partial obstruction of the right of way to the extent of $500.

PENNEWILL, J.:—The verdict practically amounts to $200 for two years of inconvenience caused by the partial obstruction of this right of way, there being about twenty feet clear space unobstructed.

LORE, C. J.:—The Court have felt in this case that these damages are excessive and we were inclined to set the verdict aside. We understand from Mr. Cooper, however, that he is willing that a verdict shall be entered for $50 damages. We therefore order that the verdict be entered for that amount and that the rule be discharged.

Verdict for plaintiff for $50.