[S. F. No. 12347. In Bank.—August 10, 1928.]

LLOYD A. MEISNER, Respondent, v. MARGARET McINTOSH et al., Appellants.

Wm. F. Rose for Appellants.

James H. Boyer for Respondent.

THE COURT.—This appeal was decided in department and thereafter a motion to hear the same in bank was granted. At the time of the granting of said motion we were in doubt as to the correctness of that portion of the department opinion which held that the judgment was valid, notwithstanding it exceeded the amount alleged in the complaint to be due from the defendants. By the complaint the plaintiff sought to recover damages for fraudulent representations made by the defendants whereby he was induced to convey certain real property of the fair market value of $1,000. There was evidence produced at the trial to the effect that said real property was of the fair market value of $1,525. The trial court found in accordance with this evidence and rendered judgment in favor of plaintiff for this amount together with other amounts hereinafter referred to. No amendment to the complaint to conform to this evidence was made or filed. Appellants contend that as the plaintiff alleged that he was damaged only in an amount of $1,000, it

was error for the court to find, and upon such finding to award a judgment, in the sum of $1,525, or in any amount exceeding the sum of $1,000. In this we think appellants are right. The authorities overwhelmingly support appellants' contention. "The rule is firmly established that irrespective of what may be proved a court cannot decree to any plaintiff more than he claims in his bill or other pleadings." (15 R. C. L. 604.) "A judgment cannot be properly rendered for a greater sum, whether by way of debt or damages, than is claimed or demanded by plaintiff in his declaration or complaint." (33 Cor. Jur. 1164.) "The judgment is for $7,470 and costs. The plaintiff prayed for the sum of six thousand dollars, the value of the property, and five hundred dollars damages, and the prayer followed the *ad damnum* clause of the complaint, which alleges that plaintiff has been damaged in the sum of five hundred dollars by reason of the detention. In the absence of an amendment to the complaint, therefore, the court could not allow any damages beyond the amount prayed for." (*Burke* v. *Koch,* 75 Cal. 356, 360 [17 Pac. 228, 229].) The judgment was accordingly modified by striking out the amount thereof and inserting the sum of $6,500. The judgment was not by default, but was rendered after a trial of the action upon its merits. "The finding of damage is for an amount greater than the complaint avers. Still, the finding necessarily establishes that plaintiff was damaged to the amount he claims. The judgment may, therefore, be modified, and it will still be supported by the finding in question." *Kerry* v. *Pacific Marine Co.,* 121 Cal. 564, 573 [66 Am. St. Rep. 65, 54 Pac. 89, 92].)

The only decision of our courts which is in apparent conflict with the foregoing authorities is that found in the case of *Kimball* v. *Swenson,* 51 Cal. App. 361 [196 Pac. 781], where the court held that under section 580 of the Code of Civil Procedure, which provides that in any case, where an answer is filed, the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue that "the relief 'embraced within the issue' was the damage for appellants' conversion. The answer having joined issue on this point, the judgment properly followed the measure of damages prescribed by the code for such cases." The following authorities are

relied upon in the opinion as supporting the doctrine therein announced: *O'Donnell* v. *Kramer,* 65 Cal. 353 [4 Pac. 204]; *Johnson* v. *Polhemus,* 99 Cal. 240, 244 [33 Pac. 908]; *Title Insurance & Trust Co.* v. *Ingersoll,* 158 Cal. 474, 480 [111 Pac. 360]. None of these cases is directly in point, as in none of them was the direct question involved which is presented for determination in the present action. In *Kimball* v. *Swenson, supra,* the court said: "They (the parties thereto), thus put in issue the question of damages, not merely as alleged in the complaint, but according to the measure specified in the code." From this it appears that the case was tried upon the theory that the pleadings were sufficient to raise the question as to whether or not the plaintiff therein was entitled to recover the full amount of damages measured by the provisions of the code applicable thereto. This is further apparent from a later statement in the opinion as follows: "The case was tried upon the theory that respondent was entitled to recover upon whichever basis the jury should determine, and at one stage of the proceedings counsel agreed that the measure fixed by the code applied to the case at issue." Where a case is tried upon the theory that the pleadings are sufficient to raise certain issues included in the findings, the parties thereto are estopped from thereafter raising the objection that the pleadings do not support the findings (*Silvers* v. *Grossman,* 183 Cal. 696 [192 Pac. 534]; *Cross* v. *Bouck,* 175 Cal. 253 [165 Pac. 702]). There is no showing that the present action was tried upon any such theory.

The authorities first cited, in our opinion, sustain the contention that the judgment in so far as it exceeds in amount that averred in the complaint is erroneous, and should be modified accordingly.

In all other respects we think that the department opinion has correctly determined the questions considered, and we hereby adopt the same as the opinion of this court:

■ "This is an appeal by the defendant from a judgment against her for $2,361.56 in an action for damages for fraud. The facts as found by the trial court are: That on the 27th day of March, 1924, and at the time of the transfer thereof to defendant Margaret McIntosh, plaintiff was the owner and in the possession of a certain described parcel of real property in Berkeley, California, then having a

fair market value over and above all liens and encumbrances of the sum of $1,525, which facts were then known to John McIntosh and Margaret McIntosh. That in the months of March and April, 1924, and many times prior thereto, at said county of Alameda, state of California, for the purpose and with the intent of cheating and defrauding plaintiff, defendants represented to said plaintiff that said John McIntosh and Margaret McIntosh were the owners of a certain described piece or parcel of real property in the county of Calaveras, state of California, consisting of one hundred and sixty acres, and in the month of April, 1924, and prior to the sale of said property to plaintiff, said John McIntosh, acting for himself and as the agent of said Margaret McIntosh, pointed out to this plaintiff a spring of water, and stated to this plaintiff that said spring of water was located on said 160 acres of land then claimed to have been owned by said John McIntosh and Margaret McIntosh. That many times prior to the 1st day of April, 1926, said Margaret McIntosh and John McIntosh offered to trade said land in Calaveras county, California, to plaintiff, subject to the encumbrances thereon, for said property in the city of Berkeley owned by plaintiff, together with the promissory note of plaintiff, payable to said John McIntosh and Margaret McIntosh, in the sum of $580. That, relying upon said representations of said John McIntosh and Margaret McIntosh, and because thereof, said plaintiff accepted said proposal of exchange. That plaintiff believed in and relied upon said representations, offers and promises made to him by said Margaret McIntosh and John McIntosh, and because thereof, thereafter subsequent to the 27th day of March, 1924, executed a grant deed, granting and conveying to said Margaret McIntosh said real property owned by plaintiff in said city of Berkeley, and on said last named date plaintiff also executed to said Margaret McIntosh and John McIntosh his said promissory note in the sum of $580. That plaintiff received no other consideration, and neither said John McIntosh nor Margaret McIntosh parted with anything for the transfer and conveyance by plaintiff of said Berkeley property to Margaret McIntosh and the execution and delivery of said note for $580 except the said deed purporting to convey to plaintiff said land in Calaveras county, California. That neither said John McIntosh nor said Margaret

McIntosh on the 27th day of March, 1924, or at any time thereafter, owned any right, title or interest in or to said land in Calaveras county, and said spring of water was not on said land, but was situate on other and adjoining land, which latter property was at no time owned by John McIntosh and Margaret McIntosh, or either of them; all of which facts were at all times herein mentioned well known to said John McIntosh and Margaret McIntosh and unknown to plaintiff for more than one year subsequent to the execution of said deeds. That prior to discovering that said John McIntosh and Margaret McIntosh were not the owners of said real property in Calaveras county, or any part thereof, and that said spring of water was not on said or any land owned by said defendants, and without knowledge of the falsity of said representations made to him as aforesaid, and within six months after the execution by him of said note, said plaintiff paid to said John McIntosh and Margaret McIntosh said sum of $580, named as the principal sum in said promissory note, together with the interest accrued thereon, and said note was thereupon returned to plaintiff. That no part of said sums has been repaid to plaintiff.

"That on or about August 15, 1924, said Margaret McIntosh and John McIntosh sold, transferred and conveyed said real property situate in Berkeley, previously granted to them by plaintiff, to Earl W. and Virginia E. Weber, who ever since have been and now are the owners thereof.

"An examination of the record discloses that the contention of appellant that the evidence does not support the findings is without merit. The testimony of the plaintiff supports the findings made by the trial court.

"It appears that after plaintiff discovered the fraud which had been practiced upon him and threatened to commence criminal proceedings, defendants executed a deed purporting to convey to plaintiff a 200-acre tract of land, located about a mile from the quarter section which they had sold to him; that John McIntosh caused said deed to be recorded and gave instructions to the recorder to mail said deed to plaintiff. It also appears that the preparation and recording of this deed was all without the knowledge, acquiescence or consent of plaintiff. Under the circumstances, there was no delivery of this deed to plaintiff. Delivery cannot be made without the consent, express or implied, of

the grantee. There is, therefore, no merit to appellant's contention that a reconveyance should have been made by plaintiff as a condition precedent to his recovery in this action. . . .

█ "Certain allegations were made in affidavits filed by defendant upon her motion for a new trial, which allegations either directly or indirectly tended to contradict the testimony of plaintiff in certain particulars. Of course, the substance of these affidavits cannot be considered in connection with the contention of the appellant that the evidence does not support the findings. At the most the allegations in the affidavits would but create a conflict in the testimony and such allegations were not before the court at the time of making its findings. As to the refusal of the trial court to grant the motion for a new trial we are of the opinion that its discretion was properly exercised in this matter, as the defendant should have produced at the trial any testimony available to contradict that offered by the plaintiff."

The judgment is modified by reducing the same in the sum of $525, together with interest on said sum at the rate of seven per cent per annum from March 27, 1924, to date of judgment. As so modified the judgment is affirmed. It is further ordered that appellants recover their costs on this appeal.