[S. F. No. 15023.   In Bank.—April 19, 1935.]

HIRAM C. HUTTON, Respondent, v. VINCENZO OR-
MANDO, Appellant.

O. H. Speciale and Owen D. Richardson for Appellant.

Bohnett, Hill & Cottrell for Respondent.

THE COURT.—The plaintiff sued to have the defendant enjoined from obstructing a certain roadway or right of way on the defendant's land over which the plaintiff claimed the right to pass, and to abate the obstruction erected by the defendant. The plaintiff declared upon a prescriptive right based upon sixty years' adverse user. The court found in accord with the plaintiff's declaration to the extent that such prescriptive and hostile use had begun more than eight years prior to the commencement of the action. From a judgment for the plaintiff as prayed the defendant appeals.

The plaintiff is the owner of a tract of land lying northerly of the defendant's 12.99 acre tract. A railway right of way, running in a northwesterly and southeasterly direction, forms the southwesterly and northeasterly boundaries respectively of the plaintiff's and the defendant's lands. Formerly the tract owned by the defendant, the land owned by the plaintiff, and land lying south of the defendant's and the plaintiff's said lands, all belonged to members of the Hutton family. On November 23, 1928, the defendant's land was deeded to him by Alfaratta Schuyler and George Schuyler, the daughter and son-in-law of the plaintiff, who had received it from Laura K. Keith, a sister of the plaintiff. It was in evidence that in 1870 a roadway had been opened leading from the tract now owned by the plaintiff, southerly across the railway right of way and over the southeast corner of the defendant's land, continuing southerly along the westerly boundary of the land of Laura Keith for a distance of some 350 feet, and then easterly about 1120 feet to the Quito Road, which is a county highway. The portion of this roadway which thus crosses the extreme southeasterly corner of the defendant's tract is twenty feet wide, twenty feet along its westerly boundary and nine and a half feet along its easterly boundary line. The plaintiff also owns a tract south of the Keith property which is reached by said roadway.

It was established that this roadway had been in almost constant use by the owners of these various tracts and their predecessors for many years. The description in the grant

deed from the Schuylers to the defendant included the portion of the roadway in dispute. On January 23, 1929, the Schuylers, the Keiths, and the plaintiff and his wife deeded to the defendant a "right of way for road purposes, over the existing rights of way, now in use, from that certain 12.99 acre tract conveyed by George Schuyler and Alfaratta Schuyler, his wife, to Vincenzo Ormando by deed dated November 20, 1928—to the Quito Road—a county highway". The instrument particularly described the right of way as all of the private roadway from the southerly line of the railway right of way through the twenty-foot portion included in the grant deed to the defendant, and continuing southerly and easterly to the Quito Road. The instrument conveying this right to the defendant also contained the following language: "Said grant not to impair, curtail or infringe in anyway whatsoever the title, rights or privileges now held or acquired by others in above mentioned Rights of Way and private land." The instrument was recorded in February, 1929.

The present action was commenced in June, 1933. The defendant shortly prior to the commencement of the action had constructed a fence across the roadway so as to prevent the plaintiff's access thereto.

The main contention on the appeal is that there is no support for the trial court's finding that the plaintiff and his predecessors in interest have acquired a prescriptive right to the use of the roadway over the defendant's land. The defendant relies on *Storrow* v. *Green,* 39 Cal. App. 123 [178 Pac. 339], *Tarpey* v. *Veith,* 22 Cal. App. 289 [134 Pac. 367], *Pinheiro* v. *Bettencourt,* 17 Cal. App. 111 [118 Pac. 941], *Crosier* v. *Brown,* 66 W. Va. 273 [66 S. E. 326, 25 L. R. A. (N. S.) 174], and 1 Cal. Jur. 539, 599, to support his contention that the facts in the present case indicate only that the use of the roadway was nothing more than a neighborly accommodation and a family convenience, which it is claimed the cases cited hold is insufficient to support a prescriptive right.

We cannot agree with the defendant that the record shows that the facts must be resolved in accordance with his contention. The question whether the right was established by adverse user was a question for the trial court under the facts presented. (*Clarke* v. *Clarke,* 133 Cal. 667, 670 [66

Pac. 10]; *Abbott* v. *Pond,* 142 Cal. 393, 399 [76 Pac. 60];
1 Cal. Jur., p. 635.) The finding of the trial court has
sufficient support in the evidence.

The defendant also contends that the description in
the complaint and in the findings of the location of the
right of way is so indefinite as to require a reversal of the
judgment under such authorities as *Matthiessen* v. *Grand,*
92 Cal. App. 504 [268 Pac. 675]. Assuming the descrip-
tion to be deficient as contended, nevertheless on the record
presented in this case a reversal is not necessary in order to
make it certain. The proof showed the exact location of the
roadway, the existence of which was not disputed. Its loca-
tion was shown by a map received in evidence, the plaintiff's
exhibit A. Also its location was described in the deed of
the right of way in the entire roadway, from the Schuylers,
Keiths and the plaintiff and his wife to the defendant. In-
asmuch as the description in the pleadings and the findings
is one that may be made certain from the evidence received
by the court, the defect is not one which necessarily calls
for a reversal of the judgment. (*People* v. *Greer,* 6 Penne.
(Del.) 220 [65 Atl. 767]; *Harding* v. *Cowgar,* 127 Ind. 245
[26 N. E. 799].) This court, exercising the power vested
in it by section 956a of the Code of Civil Procedure, will
make its finding of a more particular description of the loca-
tion of the portion of the roadway which traverses the de-
fendant's land. Based on the map and other evidence in
the record, this court finds that the location of the roadway
is as set forth in the following modification of the judgment.

The judgment is modified by adding thereto at the end of
the second paragraph thereof, after the words "and de-
scribed in plaintiff's complaint herein", the following:
"and more particularly described as follows: Beginning
at the southeast corner of lands of Vincenzo Ormando, as
said lands of Ormando are described in that certain deed of
George Schuyler and Alfaratta Schuyler, his wife, to Vin-
cenzo Ormando, dated November 23, 1928, and recorded in
volume 445 of Official Records, page 401, Santa Clara
County records, said corner also being common to lands of
Warner Hutton and Mrs. Laura Keith, and marked by a
2″ iron pipe standing in the northerly line of lands of
Mrs. Laura Keith; thence westerly 20 feet to the westerly
line of the Warner Hutton Private roadway; thence north-

erly along the westerly line of said roadway about 20 feet to the southerly line of the railway right of way; thence southeasterly along said southerly line of the railway right of way to a 1'' iron pipe standing in the easterly line of said Warner Hutton Private roadway; thence southerly along said roadway line 9.50 feet to the place of beginning.''.

As so modified the judgment is affirmed.

Rehearing denied.