[Civ. No. 8870. Third Dist. Jan. 10, 1957.]

FRANK E. JONES et al., Respondents, v. HAROLD J. YOUNG, Appellant.

Archibald D. McDougall for Appellant.

Frank E. Jones and Mary E. Jones, in pro. per., for Respondents.

VAN DYKE, P. J.—Respondents, claiming to be the equitable owners and in possession of the northeast quarter of Lot 11 of Swanston Acres in Sacramento County, brought this action against appellant to obtain a decree enjoining him from interfering with their use of a certain roadway across appellant's property. At the trial respondents introduced evidence to the following effect: William F. and Elva Cox became the owners of the northeast quarter of Lot 11 on March 28, 1946. At that time a roadway, commonly called Memory Lane, led from the Cox property to Fulton Avenue, a public road, along the south 20 feet of Lot 12, which lies between Lot 11 and the avenue. It was a roadway improved with a graveled surface wide enough for two cars to pass and showed evidence of having been used for some time by the predecessors in interest of the Coxes. They continued to use the road and, along with other people, maintained mail boxes at the junction of Memory Lane and the avenue. On October 12, 1948, the Coxes executed a contract of sale with Richard and Virginia Savin covering the northeast quarter of Lot 11. The Savins took possession and continued the use of Memory Lane until July 9, 1949, when they contracted to sell, and delivered possession of, the northeast quarter of Lot 11 to

respondents who thereafter continued the use of the roadway until prevented by barricades erected by appellant. It was shown that appellant in 1947 acquired parcels in the south half of Lot 12 which were bounded on the north by Memory Lane; that he then observed the roadway was being used, saw the mail boxes maintained at the point where the lane entered Fulton Avenue and knew that the mail boxes belonged to the Coxes and their tenants. In that year appellant graded Memory Lane and improved it with a renewed gravel surfacing to a point about 150 feet from the west boundary of Lot 12. From 1947 to 1950 appellant observed the frequent passage of automobiles traveling between Fulton Avenue and the northeast quarter of Lot 11 and along Memory Lane. In 1950 appellant acquired the north half of Lot 12 and observed the continued use of Memory Lane as a road. In May or June of 1952 appellant caused Memory Lane to be surfaced with black top from Fulton Avenue to a point about 60 feet from the west boundary of Lot 12. As he put it, he got the neighbors together to do the paving and arranged with each as to the amount to be contributed to the total cost. He told respondents he thought their proper share was one-third of the total, or about $330. It appeared that they argued over this matter of the fair share to be contributed by the respondents. Respondents offered to contribute $150 but appellant rejected that offer and when respondents refused to go higher appellant barricaded the west end of Memory Lane, exluding respondents from its use. This action followed.

"The establishment of a prescriptive right depends upon showing a continued and uninterrupted, open and visible, use of a definite right in the land of another which is identical to that claimed as an easement and has a relation to the use of, and a direct and apparent connection with, the dominant tenement under an adverse claim of right for a period corresponding generally to the statutory period of limitations in the particular jurisdiction." (17 Am.Jur., Easements, § 59, p. 971.)

The evidence in this case sufficiently proved actual, open, notorious, continuous and peaceable user of Memory Lane and therefrom the trial court could infer that the user was adverse; that therefore a prescriptive right had been acquired appurtenant to the northeast quarter of Lot 11 as the dominant tenement. (*Conaway* v. *Toogood*, 172 Cal. 706, 709 [158 P. 200]; *Hutton* v. *Ormando*, 3 Cal.2d 305, 306-307 [43 P.2d 1100].) This statement, of course, depends

upon the right of the owner of the dominant tenement to tack the user of their tenants and vendee and of respondents as subvendees so as to make up the necessary five-year period. The court entered judgment, enjoining appellant from obstructing respondents' use of Memory Lane.

Appellant contends that respondents, as the conditional vendees of another conditional vendee, have no standing to claim title by adverse prescription to an appurtenant right of way over the land of appellant; that the evidence is insufficient to support the finding that respondents and their predecessors used the strip five years prior to 1952 in such a way as to create title by prescription.

We think appellant misconceives the nature of the action brought by respondents and the nature of the right by which they claim to have the use of Memory Lane as a roadway. The gravamen of respondents' action is as follows: The Coxes are the owners of the northeast quarter of Lot 11. They and their predecessors initiated a use of what came to be known as Memory Lane and by continuous use through themselves, their tenants, their vendee and their vendee's vendee acquired an easement over that portion of the property which now belongs to appellant. Respondents' position then is that this prescriptive title having become complete during their occupancy of the dominant tenement, they are entitled to use the road, the right constituting an easement appurtenant to the northeast quarter of Lot 11. We have already said that the evidence they introduced sufficiently proved a perfect title in the Coxes as legal owners of the northeast quarter of Lot 11, to the claimed easement acquired by prescription.

It is, of course, familiar law that property may be acquired by occupancy as well as by transfer (Civ. Code, § 1000) and that occupancy for the period prescribed by the Code of Civil Procedure as sufficient to bar any action for the recovery of property confers a title thereto denominated a title by prescription which is sufficient against all. (Civ. Code, § 1007.)

Respondents' proof, therefore, showed legal title to the prescriptive right in the Coxes as owner of the dominant tenement with the same effect as though their title rested in grant. Having established ownership in the Coxes of legal title to the northeast quarter of Lot 11 and of the prescriptive right to the use of Memory Lane as a road for the benefit of said northeast quarter of Lot 11, respondents had established their right as subvendees in possession to a decree enjoining appellant from interfering with their use of Memory Lane.

They had the right to sue for the relief the judgment herein accorded them. ■ We quote the following from *Lemos v. Farmin,* 128 Cal.App. 195, 200 [17 P.2d 148]:

"The law is well settled that the owner or occupant of an estate in a dominant tenement may maintain an action for the enforcement of an easement attached thereto."

■ It is not material here that respondents are subvendees under a vendee whose contract contains a clause forbidding "assignment" of his contract. Such a provision is for the benefit of the owner who may waive a breach. (55 Am.Jur., Vendor & Purchaser, § 436, p. 845.) The trial court could, and impliedly did, infer waiver from evidence that the owner continued to receive payments from the vendee with full knowledge of the subcontract and of the subvendee's possession under it, all without objection. Respondents were possessed of a sufficient estate in the dominant tenement to maintain this action.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied February 6, 1957, and appellant's petition for a hearing by the Supreme Court was denied March 5, 1957.