[Civ. No. 5562. Fourth Dist. Nov. 22, 1957.]

RAY F. CASTILLO et al., Respondents, v. LUCILLE CELAYA, Appellant.

470

Ferguson & Judge for Appellant.

Samuel Hurwitz for Respondents.

MUSSELL, J.—This is an action in which plaintiffs seek to establish an easement for roadway purposes over the westerly 12 feet of defendant's property in Orange County, to recover damages, and for injunctive relief. The 12-foot strip of land involved extends northerly from what is known as the Placentia-Yorba Road to the property owned and occupied by plaintiffs and lies along the easterly boundary of property owned by one J. Coleman Travis. Plaintiffs used the area involved for roadway purposes, as a means of ingress to and egress from their property from the Placentia-Yorba Road, continuously and without interruption from 1938 to November 27, 1954, when the defendant erected a fence across the roadway, placed a gate thereon and prohibited plaintiffs from using the road. This action followed and the trial court found, *inter alia,* that at all times since 1938 and continuously to the time of trial plaintiffs have openly and notoriously and adversely to defendant claimed the right to the use and ownership of said roadway as being appurtenant to their land and under a claim of right; that at all times since 1938 plaintiffs have openly and notoriously maintained and repaired the said roadway and have kept the same in condition for the use of said plaintiffs; that the defendant on or about November 27, 1954, wrongfully obstructed the use of said roadway by plaintiffs by erecting a fence across said right of way and that plaintiffs have suffered damages in the sum of $250 by reason of said obstruction. The court granted a perpetual easement and right of way to plaintiffs over a roadway 15 feet in width, instead of 12 feet as claimed in the complaint. Defendant was ordered to remove the said obstruction and plaintiffs were awarded damages in the sum of $250. Defendant appeals from the judgment and her principal contention on appeal is that the evidence does not support a finding

that the use of the roadway by plaintiffs was adverse and under a claim of right rather than permissive.

The questions whether the use of the easement is adverse and under a claim of right, or permissive and with the owner's consent, and whether the nature of the user is sufficient to put the owner on notice, are questions of fact and if there is any substantial evidence to support the judgment, it must be affirmed. All conflicts must be resolved in favor of the prevailing party and the evidence viewed in the light most favorable to him. (*O'Banion* v. *Borba*, 32 Cal. 2d 145, 147-148 [195 P.2d 10] ; *Arnold* v. *City of San Diego*, 120 Cal.App.2d 353, 356 [261 P.2d 33].) In *Clark* v. *Clark*, 148 Cal.App.2d 223 [306 P.2d 556], it was held that the user, in order to initiate and ultimately establish a prescriptive easement, must be in hostility to the legal title, and must be under a claim of right actually or impliedly communicated to the owner of the land; that the adverse user must exist for five years and the proof must overcome presumptions that occupation by the claimants is in subordination to the legal title, and that whether or not the user made was a matter of neighborly accommodation or was adverse is a question of fact to be determined by the trial court in the light of the relations of the parties, their conduct, the situation of the property and all the surrounding circumstances.

In *Mathews* v. *Brinton*, 132 Cal.App.2d 433, 438 [282 P.2d 93], it was held that "The question as to the effect of any presumption that the use is under a claim of right and adverse to the owner of the land must be considered along with the showing as to the nature of the use during the prescriptive period, with all other facts of the case, and is one of fact for the trial court which must decide whether the proven facts do or do not justify an inference showing the required elements."

In *Jones* v. *Young*, 147 Cal.App.2d 496, 498 [305 P.2d 286], it was held that where the evidence sufficiently proved actual, open, notorious, continuous and peaceable user of the property the trial court could infer that the user was adverse and that therefore a prescriptive right to the use of the land had been acquired.

Testing the record by these rules, we find substantial evidence supporting the trial court's finding and judgment that the use of the roadway by plaintiffs was adverse and not permissive.

Defendant testified that the roadway was built by plaintiffs

in 1938 and she first interfered with its use by plaintiffs in 1954; that the first time she ever talked to plaintiffs about the roadway was in 1954. Plaintiff Ray Castillo testified that he had built a home on his property in 1938 and had lived there continuously until October, 1954; that the roadway involved provided the only access to his property from any highway; that he and his family, guests, relatives, and customers buying poultry raised by him and sold on his property, had used the roadway continuously and without interruption or interference from 1938 to November 27, 1954, and that he, alone, had maintained it during that period of time; that prior to November, 1954, the defendant had never discussed with him the use of the roadway; that he had never received any notice from her not to use the roadway, and that he never asked her or anyone else for permission to use it; that in 1954, before defendant placed a fence and gate across the road and while plaintiffs were temporarily away from their property, defendant informed plaintiffs that there were people "running in and out of there" and requested plaintiffs to erect a fence to keep them out; that plaintiffs refused to comply with defendant's request as they required the use of the roadway for hauling supplies in connection with the construction of a new residence on the property. Other witnesses corroborated plaintiff's testimony as to the continuous use of the roadway and to maintenance by plaintiffs. While the defendant testified that plaintiff Ray Castillo had asked her for permission to use the road and she agreed he could use it, Castillo's testimony was that no permission was sought by him and that his use of the roadway was never discussed by him with defendant. The testimony of the defendant in this connection merely created a conflict in the evidence and the trial court resolved the conflict in plaintiffs' favor.

■ There is ample substantial evidence that plaintiffs proved actual, open, notorious and peaceable use of the roadway involved. This evidence supports an inference that the use by plaintiffs was adverse and not permissive. (*Jones* v. *Young, supra.*)

■ Defendant contends that the judgment gave excessive relief to plaintiffs in establishing a 15-foot easement over defendant's property and we agree with this contention. The roadway described in the complaint is only 12 feet in width and there was no evidence introduced at the trial to support a judgment establishing an easement for a roadway in excess of that width. The judgment is therefore modified so as to

limit plaintiffs' easement to a roadway 12 feet in width over the westerly 12 feet of defendant's property, as described in the complaint. (*Frost* v. *Mighetto*, 22 Cal.App.2d 612 [71 P.2d 932]; *Meisner* v. *McIntosh*, 205 Cal. 11 [269 P. 612].) As so modified, the judgment is affirmed. Respondents to recover costs.

Barnard, P. J., and Griffin, J., concurred.