[Civ. No. 25766.   Second Dist., Div. Four.   Apr. 5, 1962.]

ERNEST C. FOBBS et al., Plaintiffs and Respondents, v. ERNEST SMITH et al., Defendants and Appellants.

Miller & Malone and Loren Miller for Defendants and Appellants.

Loeb & Loeb and Jerome L. Goldberg for Plaintiffs and Respondents.

JEFFERSON, J.—Plaintiffs and defendants are owners of adjoining and contiguous parcels of residential realty located on the north side of 49th Street in the City of Los Angeles. Plaintiffs' parcel is to the west of defendants' property.*

In 1923, a common grantor of both parcels by duly recorded deed created and reserved reciprocal easements for use as a common driveway for the benefit of the predecessors in title of the parties to this action. The easements covered the west four feet of the south fifty feet of defendants' parcel and the east four feet of the south fifty of plaintiffs' parcel.

Plaintiffs first resided on their parcel as lessees in 1936. At the curb-line of the western portion of the adjoining parcel there was a concrete ramp or apron. Straddling the property line, at the rear of the parcels was a joint garage. The west half of the garage was used by the owners of plaintiffs' parcel, and the east half of the garage was used by the owners of defendants' parcel. Leading from the apron to the joint

---

*Subsequent to the filing of the action but before trial, plaintiff Ernest C. Fobbs conveyed all his interest to his wife, plaintiff Rosanna Fobbs. Therefore, reference is sometimes made to the singular plaintiff, meaning Rosanna Fobbs.

garage, was a driveway. The distance from the front of the garage to the southern property line was 81.9 feet.

In 1939, plaintiffs purchased the parcel they had been leasing. The garage burned in 1940, and it was rebuilt by a former owner of defendants' parcel. Thereafter the building was used for storage. No cars entered the structure after 1941. It has remained the same since 1940, except for a change in some flooring.

Because of the location of the ramp on defendants' parcel, the distance from the curb to the garage, and the existence of a concrete walk adjoining plaintiffs' house only two feet from the boundary between the parcels, the area used by plaintiffs for a driveway from 1936 to 1960 did not coincide with the express easement of 4 by 50 feet, but instead covered a portion of defendants' parcel which was 7 by 81.9 feet.

From 1936 to 1948, the driveway was used by Mr. and Mrs. Fobbs, their daughter, and social guests. This use was without the permission of the owners of the adjoining parcel who were aware of the activities of plaintiffs.

In 1948, defendants purchased their parcel, and from 1948 to 1960, plaintiffs continued to use the driveway without the permission of defendants. After a heated argument in 1960, defendants erected a fence approximately six inches from the west boundary line of their property which bisected the express easement and extended from the front of the property to the garage. The fence obstructed the driveway, as well as the plaintiffs' portion of the joint garage.

Plaintiffs then filed an action to quiet title to the easement as used, to establish the boundary line equally dividing the garage and for injunctive relief to require removal of the fence. The trial court found in substance that there was an express easement as described; that a prescriptive easement had been created over the west 7 feet of the south 81.9 feet; and that these easements had not been abandoned. The court concluded as a matter of law that plaintiffs' express easement and prescriptive easement should be quieted, and that the partition dividing the garage was the agreed boundary line. Judgment was given for plaintiff, and defendants appealed.

Defendants contend the evidence is insufficient to support the finding that plaintiffs had obtained a prescriptive right. In reviewing the evidence this court is limited to a determination as to whether there is substantial evidence to support the findings of the trial court without reweighing the evidence or questioning the credibility of witnesses.

A prescriptive right to an easement over the land of another may be acquired by open, visible, continuous, adverse use of the land of another for the statutory period of five years. Whether the use made is adverse or merely a matter of neighborly accommodation is a question of fact for the trial court to determine in light of the relations of the parties, their conduct, the situation of the property and all the surrounding circumstances. (*Clark* v. *Clark*, 148 Cal.App. 2d 223, 226 [306 P.2d 556].) The element of continuity is satisfied by necessity rather than regularity of use, so that an omission to use the driveway when not needed does not disprove continuity of use shown by using it when needed. (*Hesperia Land & Water Co.* v. *Rogers*, 83 Cal. 10, 11 [23 P. 196, 17 Am.St.Rep. 209].) Where the evidence sufficiently proves actual, open, notorious, continuous and peaceable use of the property, the trial court may infer that the use was adverse and that the prescriptive right to use the land has been acquired. (*Jones* v. *Young*, 147 Cal.App.2d 496, 498 [305 P.2d 286].)

The evidence indicates plaintiffs used the driveway for over twenty years for automotive and pedestrian traffic, and that this use was without the permission of the adjoining land owners who were fully aware of the use to which the property was being put. Although the garage was used for storage purposes after 1940, the driveway was still used for pedestrian purposes and occasionally an automobile was driven up to the garage when necessary. There is substantial evidence to support the finding of the prescriptive right and non-abandonment thereof. (*Marangi* v. *Domenici*, 161 Cal. App.2d 552, 557-558 [326 P.2d 527]; *Bernstein* v. *Dodik*, 129 Cal.App. 454, 457-458, 459 [18 P.2d 983]; see A.L.R.2d 332.)

Defendants contend the express easement was extinguished through excessive use or misuse by the plaintiffs. We cannot consider the merits of this defense, for it was not asserted until this appeal. (See *Hayes* v. *Mitchell*, 184 Cal. App.2d 301, 304 [7 Cal.Rptr. 364].)

Defendants argue the evidence is insufficient "to support the findings and judgment that plaintiff is the owner of that portion of the real property upon which her garage obtrudes on defendants' property."

The evidence indicates the garage was razed by fire in 1940. It was rebuilt by defendants' predecessor during the following year in such a manner that the partition dividing plaintiffs' and defendants' portion of the joint garage en-

croached upon defendants' parcel by approximately three feet. From that time the parties and their predecessors accepted the partition between their respective halves as the boundary line between the parcels. The requirements of proof necessary to establish a title by agreed boundary are that there be an uncertainty as to the true boundary line, an agreement between the coterminous owners fixing the line, and acceptance and acquiescence in the line so fixed for a period equal to the statute of limitations or under such circumstances that substantial loss would be caused by a change of its position. It is sufficient that the line is established through a mistake as to the location of the true boundary. A court may infer there was an agreement between the adjoining owners ensuing from uncertainty or a dispute, from the long-standing acceptance of a fence as a boundary between their lands. (*Ernie* v. *Trinity Lutheran Church*, 51 Cal.2d 702, 707, 708 [336 P.2d 525]; *Hannah* v. *Pogue*, 23 Cal.2d 849, 856 [147 P.2d 572], and cases cited therein.) The court found factually in accordance with plaintiffs' pleadings and pretrial contentions that the partition in the garage was the agreed boundary. This finding is supported by substantial evidence.

The court found as a matter of law that plaintiff "is *the owner of and entitled to use* that portion of said joint garage which is west of said partition wall." The judgment in part provided: "plaintiff . . . is entitled to *the use of* that portion of the joint garage . . . which is west of the partition wall dividing said garage. . . ." The judgment must be responsive to the issues made by the pleadings and must conform to the findings. Since plaintiffs claimed and the court found that plaintiffs owned the alleged encroaching parcel the successor plaintiff Mrs. Rosanna Fobbs is entitled to have the judgment modified to reflect that fact. Therefore, the judgment is modified by inserting the following italicized words to read as follows: ". . . plaintiff . . . *is the owner of and* is entitled to the use of that portion of the joint garage . . . which is west of the partition wall dividing said garage. . . ."

The judgment, as modified, is affirmed. Respondents to recover costs on appeal.

Burke, P. J., and Balthis, J., concurred.