[Civ. No. 7078.   Fourth Dist.   Aug. 12, 1963.]

JAMES E. ROSS et al., Plaintiffs and Appellants, v. RICH-ARD L. LAWRENCE et al., Defendants and Respondents.

Milton Zerin and Arthur V. Jones for Plaintiffs and Appellants.

Lloyd E. Blanpied, Jr., for Defendants and Respondents.

COUGHLIN, J.—The sole issue on this appeal is whether the evidence supports the finding of the trial court that an easement had been extinguished by adverse use.

The plaintiffs, appellants herein, brought this action to restrain the defendants, the respondents herein, from interfering with the former's use of an easement for ingress and egress over the latter's property, which consists of two parcels. The defendants cross-complained and asked the court to quiet their title to the property in question.

The plaintiffs and the defendants, respectively, are the owners of property divided by the center line of Carnation Avenue, a private roadway. Originally, this roadway was 50 feet in width; consisted of two easements for ingress and egress purposes, 25 feet in width, on each side of the dividing line between the properties in question, in favor of the owners of the property adjoining each easement; and was created by appropriate provision in the deeds executed by the common grantor of all of the parties. In 1948 the predecessors in interest of the defendants constructed a curbing and a retaining wall along a line 10 feet within the easement upon their property; built apartment houses on that property; and, thereafter, caused their automobiles and those of their tenants to be parked diagonally to the curb and into the remainder of the easement. After the defendants became owners of the property they continued this practice. As a result, the plaintiffs and their predecessors in interest were prevented from using the easement as a means of ingress and egress to and from their property.

In February 1961, the plaintiffs filed their complaint in the instant action in which they alleged, among other things, that commencing with January 11, 1957,[1] up to the time of the filing of their complaint, the defendants blocked and obstructed the subject easement so as to make it impossible for the plaintiffs to pass over the same, and asked that its future obstruction be enjoined.

The trial court found, in substance, that the plaintiffs' easement across the defendants' property had been extinguished by adverse user; concluded that the title to the defendants' property should be quieted against the easement claims of the plaintiffs; and entered judgment accordingly. The plaintiffs

---

[1]The defendant Lawrence acquired an interest in the subject property on January 11, 1957.

appealed and seek a reversal upon the ground that the evidence is insufficient to support the aforesaid finding.

An easement whether created by grant or user ''may be extinguished by the user of the servient tenement in a manner adverse to the exercise of the easement, for the period required to give title to land by adverse possession,'' *viz.*, five years. (*Glatts* v. *Henson*, 31 Cal.2d 368, 370-371 [188 P.2d 745]; Civ. Code, § 1007; Code Civ. Proc., § 318.) Under this general rule, a court may conclude that an easement has been extinguished where the owner of the servient tenement, under an adverse claim of right, with notice thereof to the owner of the dominant tenement, continuously during a period of five years, uses the servient tenement in such a manner as to obstruct its use for easement purposes by the latter owner. (*O'Banion* v. *Borba*, 32 Cal.2d 145, 149-150 [195 P.2d 10]; *Glatts* v. *Henson*, *supra*, 31 Cal.2d 368, 371; *Fobbs* v. *Smith*, 202 Cal.App.2d 209, 213 [20 Cal.Rptr. 545]; *Clark* v. *Redlich*, 147 Cal.App.2d 500, 507-508 [305 P.2d 239].) The notice of the servient tenement owner's adverse claim may be either actual or constructive; may arise out of the nature of his use; and need not be orally communicated to the owner of the dominant tenement. (*O'Banion* v. *Borba*, *supra*, 32 Cal.2d 145, 149; *Clark* v. *Redlich*, *supra*, 147 Cal.App.2d 500, 508.) Ordinarily the issues thus presented are questions of fact determinable upon a consideration of all of the circumstances and the inferences reasonably deducible therefrom. (*O'Banion* v. *Borba*, *supra*, 32 Cal.2d 145, 149; *Fobbs* v. *Smith*, *supra*, 202 Cal.App.2d 209, 213.)

The plaintiffs concede that the evidence satisfactorily establishes an adverse use of the 10-foot strip separated from the highway by the curbing and retaining wall erected in 1948. They contend, however, that the evidence is insufficient to establish that the use of the remaining 15 feet of easement by the parking of automobiles thereon was continuous for a period of five years; that it was adverse or hostile to their rights; or that they were given notice that such use was made under an adverse claim of right.

On appeal, when the evidence is contradictory, conflicting interpretations are presented thereby, or conflicting inferences may be drawn therefrom, that which favors the judgment must be accepted as true, and that which is unfavorable must be discarded as not having had sufficient verity for acceptance by the trial court. (*Estate of Teel*, 25 Cal.2d 520,

524 [154 P.2d 384]; *Clark* v. *Redlich, supra,* 147 Cal.App.2d 500, 506.)

The plaintiffs claim that the evidence does not establish that the alleged adverse use continued uninterruptedly for a full five-year period. We have reviewed the record and find this claim to be without merit. Our attention is directed to the fact that the defendants did not own their respective parcels of property during the whole five-year period prior to the commencement of the instant action; that their testimony respecting the use which they made of the 15-foot strip between the curbing and roadway center was limited to a use during the time of their respective ownerships, and, consequently, such testimony was insufficient to establish a continuous adverse use for the requisite five-year period. A similar attack is made upon testimony by preceding owners none of whom were in possession for a full five-year period. However, the total testimony of all of the owners was directed not only to the parcel owned by each of them but also to the adjoining parcel, and adequately covered an uninterrrupted period of time in excess of five years prior to commencement of suit as to both parcels. Furthermore, there was other testimony which satisfactorily supported a finding of uninterrupted five-year use of the 15-foot easement strip for parking purposes. It is not necessary that we detail the evidence in support of our conclusion respecting this matter. (*Fomco, Inc.* v. *Joe Maggio, Inc.,* 55 Cal.2d 162, 164 [10 Cal.Rptr. 462, 358 P.2d 918]; *Pores* v. *Purity Milk Co.,* 135 Cal.App.2d 305, 309 [287 P.2d 169].) In addition, a continuity of adverse use may be inferred from the testimony of one of the plaintiffs that, except on three occasions, he was unable to travel upon the subject easement during the eight years prior to suit because of its obstructive use by the owners of the servient tenement.

The foregoing testimony is sufficient not only to establish that the aforementioned use for parking purposes continued uninterruptedly for a period in excess of five years preceding suit, but also supports the conclusion that the extent of the parking use was such as to constitute a total obstruction to the use of the easement by the owners of the dominant tenement; was wholly irreconcilable with the latter use; was hostile to every aspect of that use; and was the equivalent of a claim that they had no rights in the servient tenement, i.e., the property upon which the easement originally was imposed. It is significant that in their complaint herein the plaintiffs alleged that for a period in excess of four years, *viz,* from Jan-

uary 11, 1957, to date of commencement of the instant action, the defendants blocked and obstructed the subject easement so as to make it impossible for the plaintiffs to pass over the same. The evidence supports the conclusion that the use prior to January 11, 1957, was of the same obstructive character as that following said date. The continuity of use essential to the creation of an adverse claim need not be constant (cf. *Myers* v. *Berven*, 166 Cal. 484, 490 [137 P. 260] ; *Medina* v. *Brown*, 172 Cal.App.2d 208, 211 [342 P.2d 353]) ; will suffice for this purpose if it is a use wholly inconsistent with the use of the servient tenement for easement purposes; and is sufficiently proven by evidence which establishes a use of the latter tenement in a manner and during times which render the easement across such of no practical worth to the owner of the dominant tenement. In this case, the use by the defendants and their predecessors in interest of the 15-foot easement strip for parking purposes at any time they chose was wholly inconsistent with the right of the plaintiffs and their predecessors to use it at will for entry upon their property and, consequently, was adverse to the latter right.

█ The contention that the evidence is not sufficient to support a finding that the owners of the subject dominant tenement had notice of the adverse claim of the owners of the subject servient tenement is wholly without merit. Under the rules heretofore noted such notice may be either actual or constructive; may be implied from the adverse nature of the use to which the servient tenement is subjected; and need not be orally communicated to the owners of the dominant tenement. The plaintiffs contend that the evidence at bar establishes only a secret intention by the defendants and their predecessors to claim adversely to the rights of the plaintiffs and their predecessors. There was proof that the 15-foot space in front of the curbing adjoining the defendants' apartment houses was in constant use by the defendants and their tenants for the parking of automobiles; that no garage space was furnished these tenants; that the pavement adjoining the curb had been painted to mark off parking places; and, as noted, that for a period of eight years the congestion was such that one of the plaintiffs was unable to use the subject easement as a means of ingress and egress to or from his property, except on three occasions. The evidence adequately supports an inference that the plaintiffs and their predecessors had implied notice that the parking use of the servient tenement was made under a claim of right to use the same free of any inter-

ference which would be occasioned by a recognition of the easement right of the owners of the dominant tenement; was made in defiance of the latter's right; was hostile to this right; and was not made in the exercise of any right of ingress or egress reserved to the servient tenement.

The judgment is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 9, 1963.