[Civ. No. 22296.   Second Dist., Div. One.   Feb. 28, 1958.]

LUCILLE B. RICE et al., Appellants, v. EDWARD L. HEGGY et al., Respondents.

Julius A. Leetham for Appellants.

James L. Grubbs for Respondents.

DORAN, J.—Plaintiff-appellants, as the owners of certain lots, instituted the present action for declaratory relief, seeking an adjudication that the erection of multiple unit dwellings would not constitute such a violation of single family restrictions in the deed as to be actionable by the defendants. It was plaintiffs' contention that certain violations of the deed restrictions had occurred within the contract and that there

had been important changes in the character of the nearby properties and the population usage.

It was defendants' theory that any violations or changes which had occurred were of insufficient character to warrant relief, and that it was not inequitable or oppressive to enforce compliance with the deed restrictions. The trial court found in favor of defendants.

The appellants now contend that "The subject deed covenants and restrictions are not enforceable as a matter of law," either as equitable servitudes or as covenants running with the land, and that "The Chancellor should have invalidated" the restrictions. It is asserted that "it is oppressive and inequitable to restrain plaintiffs from erecting the multiple-residential unit structures permitted them by the applicable zoning ordinances, particularly in view of the changes of character in the neighborhood and the actual past disregard of restrictions."

█ No merit is discovered in any of appellants' contentions. As pointed out in the respondents' brief, the trial court heard detailed testimony offered in support of the various points and personally viewed the tract in question. From this evidence the judge determined that although certain changes had taken place in the neighborhood and there had been an increase in motor and pedestrian traffic, such facts "do not make it inequitable or oppressive to give effect to said deed restrictions," and "That the purpose for which said deed restrictions, covenants and conditions were created can still be carried out and given effect to, notwithstanding the changes."

Such decision, as in all similar cases, involves a determination of questions of fact, and each case must be decided upon its own merits. The record discloses substantial evidence in support of the trial court's findings and, as said in *Robertson v. Nichols*, 92 Cal.App.2d 201, 207 [206 P.2d 898], "The findings of fact of the trial court in a case such as this are entitled to the same weight as in any other case. Its findings of fact, if based upon any substantial evidence, are final, and his conclusions, sitting as a chancellor in equity, are entitled to great weight." In such a situation as is here presented, there can be no appellate interference with the determination reached by the trial court.

The Robertson case just cited applied the test of an equitable servitude to deed language similar to that of the present case, and found that such a servitude existed. There, as here,

after the recordation of a tract map the owner sold and conveyed the lots by deeds "which noted that the transferee was subject to and bound by each and all of the restrictions, covenants and conditions; and (2) each deed provided that the above mentioned conditions shall operate as covenants running with the land for the benefit of owners of all such lots in said tract . . . and the breach . . . may be enjoined, abated or remedied by appropriate proceedings by any or either of such owners."

Appellants stress the point that some of the property in question has been rezoned to R-2 since the making of the deed restrictions, and argue that this rezoning should override the restrictions. The contention is untenable and such rezoning by no means compelled the trial court to declare that appellants were entitled to construct multiple unit dwellings which would violate the deed restrictions.

The situation in *Wilkman* v. *Banks*, 124 Cal.App.2d 451, 455 [269 P.2d 33] is analogous to that of the present case. The reviewing court there says: "Appellants cry with alarm against the enforcement of an agreement they and their predecessors had made to preserve the homelike character of their community . . . We know of no authority to warrant the ruthless renouncement of a contract made to preserve and protect the rights of the contracting parties. The fact that the city of Los Angeles had rezoned Tract 9854 to allow the construction of hospitals and sanitariums therein is not authority to violate the restrictive covenants."

It is likewise argued that the trial court should have invalidated the restrictions for the reason that there had been departures from other provisions contained in the conveyances, such as restrictive racial covenants, and set-back restrictions. There is no merit in such contentions. The trial court's action in modifying the 35-foot set-back restriction where it appeared that houses had encroached to within 30 feet of the lot lines, was a proper exercise of judicial discretion; nor did it prevent enforcement of the single unit restrictions contained in the deeds.

Appellants have filed an "Application to Produce Evidence," supported by the affidavit of appellants' attorney stating "That your affiant has personally inspected deeds of conveyance issued both before the trial and after the trial of the within cause and has found that said deeds of conveyance of realty within Tract 1676 do not contain the subject restrictive covenants or any reference thereto," a list of such deeds

and photostatic copies of three of them, being appended thereto. In this connection appellant has cited cases such as *Wedum-Aldahl Co.* v. *Miller,* 18 Cal.App.2d 745 [64 P.2d 762], holding that "The omission from deeds within a tract of all reference to covenants and restrictions may be sufficient to constitute a waiver of the same," and that this is one of the factors to be considered in weighing enforceability.

In opposition to this application respondents have pointed out that in the instant case "there has not been any challenge to the fact that the original grantor of Tract 1676 included the covenants and conditions in all of the deeds to all of the lots in the Tract," and that here appellants are seeking to produce deeds which do not make reference to covenants, which were made long after all of the covenants had been imposed, and which have nothing to do with the question.

Respondents also call attention to the fact, supported by the record, that the case was tried upon the theory that the restrictions were valid but that appellants sought to avoid enforceability on the ground of alleged changed conditions. It is likewise asserted that even if validity of the deed restrictions was an issue, the proposed evidence would be irrelevant.

In appellants' application to produce evidence, it is stated that "an issuable feature of the litigation was the observance of restrictions by various landowners within Tract 1676." It is difficult to see, as respondents point out, "how subsequent deeds of conveyance, after the restrictions were established, would in any manner tend to show whether the land owners were or were not observing the already recorded restrictions." Nor would such subsequent deeds throw any light on the question whether the subject matter of the original restrictions "fulfilled the legal pattern of enforceable restrictions."

The findings are supported by substantial evidence; the judgment is supported by the findings, and no reversible error is apparent.

Appellants' application to produce additional evidence is denied and the judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied March 24, 1958, and appellants' petition for a hearing by the Supreme Court was denied April 23, 1958.