[L. A. No. 25664.   In Bank.   Oct. 27, 1960.]

J. R. KEY et al., Appellants, v. HAROLD A. McCABE et al., Respondents.

Powers, Himrod & Pepys, Eric C. Pepys and Robert M. Himrod for Appellants.

Mize, Larsh, Mize & Hubbard, Royal E. Hubbard and Delbert L. Larsh for Respondents.

McCOMB, J.—From a judgment in favor of defendants, after trial before the court without a jury, in an action to enjoin and restrain defendants from constructing a commercial building on a lot owned by them, in violation of certain building restrictions on the use of the lot for residential, horticultural and agricultural purposes, plaintiffs appeal.

*Facts*: Plaintiffs are the owners of various lots located in tract 1056 in Orange County, California. The tract consists of 24 lots, all but 3 of which are improved with single-family residences. Three lots are vacant, including lot 1 owned by defendants. All the lots are subject to building restrictions imposed by deed dated September 19, 1940, limiting the use of the lots to single-family residences, agricultural or horticultural purposes, and prohibiting the carrying on of any business, trade, profession or other occupation upon such lots. The same restrictions cover adjacent property designated as tracts 1455 and 1613. The restrictions will terminate in 1969.

Defendants took title to lot 1 in tract 1056 by deed dated April 14, 1955, and at the time thereof had knowledge of the building restrictions.

Defendants' lot is located at the southeasterly corner of the intersection of Las Palmas Drive and Fullerton Road and runs 219.44 feet along Las Palmas Drive and 324.50 feet along Fullerton Road.

Fullerton Road is now, and was at the time the restrictions were imposed, a part of U.S. Highway 101. The westerly 150 feet of lot 1 fronting on Fullerton Road has been zoned "C-2 Commercial Zone" by the city of La Habra, and the remaining portion has been zoned "R-3 Limited Multiple-Family Dwelling Zone."

Defendants have commenced the construction of a commercial building on the southwesterly corner of their lot, in violation of the above-mentioned building restrictions.

After trial, the court found that the conditions relative to defendants' lot had changed since the effective date of the building restrictions; that the lot is not now desirable or suitable for single-family residence purposes; and that the construction thereon of the proposed commercial building or

the use of the lot for commercial and multi-family dwelling purposes in accordance with present zoning restrictions, would not injure or damage plaintiffs' lots or other property subject to the building restrictions nor render the same undesirable or unfit for single-family residential use.

The trial court concluded that the building restrictions were unenforceable against defendants' lot.

This is the sole question presented for determination: *Is there substantial evidence in the record to support the findings of fact set forth above?*

*Yes.* ▮▮▮ The rule is established that when a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact. (*Primm* v. *Primm,* 46 Cal.2d 690, 693 [1] [299 P.2d 231].)

▮▮▮ The evidence before the trial court discloses the following facts which support the trial court's finding of changed conditions between April 14, 1955, the date of the deed to defendants containing the building restrictions here sought to be enforced, and the present time:

(1) There are increased traffic and noise on Fullerton Road.

(2) The proposed construction of a four-lane divided highway, with shoulders and traffic lights in front of defendants' lot, is well on its way to completion.

(3) Planning experts, real estate men and laymen testified with reference to the affected area that defendants' property is not now suitable for single-family dwellings.

(4) Defendants' proposed improvement will be of benefit to the surrounding area.

(5) The original scheme of development of the property in the area has not been carried out. Property within the restricted area and along the highway has been released from the building restrictions by the property owners themselves.

(6) Lot sizes have been reduced on a large portion of the restricted area below the 30,000 square foot requirement.

(7) Setback and building requirements have been violated.

(8) Lots have been split.

(9) The property has been zoned commercial by the city of La Habra. Other property within the tract along the highway has likewise been zoned commercial, and the city of Fullerton has zoned property along the highway and within a block commercial.

(10) One of plaintiffs' witnesses testified that the use of defendants' property for commercial uses could affect only lots 2 and 19, the balance of defendants' lot 1, and property owned by McMillan, and also that good planning usually calls for commercial zoning along heavily traveled highways. Mr. Harlan, the owner of lot 19, testified that he was not opposed to defendants' proposed use of their lot.

(11) Another witness, Mr. McMillan, testified that the proposed commercial use was the only suitable use for the property.

Application of the above-stated rule to the foregoing facts demonstrates that there is substantial evidence to sustain the questioned findings of the trial court.

It is apparent that the evidence shows a change in character of the surrounding neighborhood since the making of the deeds which contained the restrictions relative to the use of the property involved. (*Wolff* v. *Fallon,* 44 Cal.2d 695, 697 [1] [283 P.2d 802]; *Fairchild* v. *Raines,* 24 Cal.2d 818, 822 [1] [151 P.2d 260].)

In addition to the above evidence sustaining the findings of the trial court, the trial judge, before making his findings, viewed the premises and property in question. This view constituted substantial evidence in support of the questioned findings, the rule being established that the trier of fact's view of an area is independent evidence which can be considered by him in arriving at his conclusion and is substantial evidence in support of findings consonant therewith. (*Neel* v. *Mannings, Inc.,* 19 Cal.2d 647, 654 [5] [122 P.2d 576]; *Hicks* v. *Whelan Drug Co.,* 131 Cal.App.2d 110, 115 [3] [280 P.2d 104]; *Lauder* v. *Wright Investment Co.,* 126 Cal. App.2d 147, 151 [4] [271 P.2d 970]; *Saks & Co.* v. *City of Beverly Hills,* 107 Cal.App.2d 260, 266 [5, 6] [237 P.2d 32].)

The judgment is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.