[Civ. No. 66783. Second Dist., Div. Six. Aug. 29, 1983.]

MAX E. APPLEGATE et al., Plaintiffs and Respondents, v.
TOSHIKAZY OTA et al., Defendants and Appellants.

## Counsel

J. E. Delwiche, Harding & Zilinskas and Neil S. Tardiff for Defendants and Appellants.

Donnelly & Schlottman and Douglas R. Donnelly for Plaintiffs and Respondents.

## Opinion

STONE, P. J.—Appellant landowners appeal from a judgment of declaratory relief, finding that respondents had acquired a 20-foot wide prescriptive easement for all purposes necessary or beneficial to the use of respondents' property which purposes do not impose a greater burden on the servient tenements, ordering removal of all fencing upon said easement, and permanently restraining and enjoining Crocker National Bank from interfering in any way with the easement. We affirm the judgment.

### Facts

The subject of this action is a paved roadway located in Carpinteria Valley, Santa Barbara County, which serves as the only passable access for several parcels of land situated in an approximate right angle triangle between Highway 150 on the southern side and Highway 192 on the eastern side, with the easement forming the hypotenuse. Respondents purchased two parcels serviced by the road in question July 1972; other parcels pertinent herein are owned respectively by Crocker National Bank as Trustee of the Trust of Isadora Parsons (CROCKER) and appellant Toshikazy Ota (OTA). Presently, all of the trust property is farmed by Louis Parsons (PARSONS), income beneficiary of the Parsons Trust.

The subject roadway crosses parcel 13 owned by CROCKER as well as a corner of parcel 5 owned by OTA. It is approximately 10 feet wide and is used by school buses, United Parcel Service, trash collection, lemon grower cooperative, and Carpinteria Water District trucks. At the southern end there are three signs indicating "private road," "Slow" and "Bumps." There are two wide dirt areas on each side of the roadway to allow vehicular

passing. Passing on other areas of the roadway, requires driving partially on the pavement and shoulder. Subsequent to filing this action, PARSONS caused a chain link fence to be placed on the east side of the road within 30 inches of the pavement with boulders placed between the fence and the road and another lower fence on the west side of the road, effectively preventing vehicles from passing each other except at the turnouts. There are no separate taxes assessed on the roadway.

ISSUES

Appellants contend that: (a) there is not substantial evidence to support a finding of a prescriptive easement; (b) the scope of the easement is overly broad and unsupported by the evidence as being reasonably necessary, and (c) an easement by necessity exists which precludes an easement by prescription.

DISCUSSION

I

SUBSTANTIAL EVIDENCE TO SUPPORT EASEMENT BY PRESCRIPTION

■ A prescriptive easement in property may be acquired by open, notorious, continuous, adverse use, under claim of right, for a period of five years. (Code Civ. Proc., § 321; Civ. Code, § 1007.) ■ Although the trial court's finding of the existence of a prescriptive easement must be based upon clear and convincing evidence, if there is substantial evidence to support its conclusion, the determination is not open to review on appeal. (See *Stromerson* v. *Averill* (1943) 22 Cal.2d 808 [141 P.2d 732].) The usual rule of conflicting evidence is applied, giving full effect to respondents' evidence, however slight, and disregarding appellant's evidence, however strong. (See *Beeler* v. *American Trust Co.* (1944) 24 Cal.2d 1 [147 P.2d 583]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 250, pp. 4241-4242.)

■ Appellants contend that the party claiming the prescriptive easement has the burden of proving all essential elements, a proposition which finds support in a series of cases, beginning with *Clarke* v. *Clarke* (1901) 133 Cal. 667 [66 P. 10], which placed the burden of proof upon the person asserting the easement to establish that his use was adverse and under claim of right. There is, however, another line of cases following *Fleming* v. *Howard* (1906) 150 Cal. 28 [87 P. 908], which holds that use of an easement over a long period of time without the landowner's interference is presumptive evidence of existence of an easement.

Appellants further assert that the claim of right must be communicated to the owner of the land or the use of the roadway must be so obvious as to constitute actual knowledge of its use. Once knowledge of use is established, the key issue becomes one of permissive use under license as against adverse use under claim of right. ■ In *MacDonald Properties, Inc.* v. *Bel-Air Country Club* (1977) 72 Cal.App.3d 693 at pages 702-703 [140 Cal.Rptr. 367], the appellate court, following *Fleming* v. *Howard,* held "We think the better and more widely held rule is that continuous use of an easement over a long period of time without the landowner's interference is presumptive evidence of its existence. . . . This rule, . . . was quoted as controlling in *Miller* v. *Johnston* (1969) 270 Cal.App.2d 289, 294 . . . ." (See *Twin Peaks Land Co.* v. *Briggs* (1982) 130 Cal.App.3d 587 [181 Cal.Rptr. 25].) We agree with *MacDonald* and its latest progeny. Although appellants contend that there were no acts by respondents inconsistent with permissive use, once a prima facie case is shown by the party asserting the easement, the burden of proof shifts to the landowner to show the use is permissive rather than hostile. (*Chapman* v. *Sky L'Onda etc. Water Co.* (1945) 69 Cal.App.2d 667 [159 P.2d 988].)

■ Whereas mere passage over the property has been held to be insufficient to establish a prescriptive title, whether the use of an easement allegedly acquired by prescription was under claim of right adverse to the owner is a question of fact, (*Taormino* v. *Denny* (1970) 1 Cal.3d 679 [83 Cal.Rptr. 359, 463 P.2d 711]), and when the evidence of prescriptive use of a private roadway is conflicting, it is the sole province of the jury or the trial judge to determine whether the prescriptive title thereto has been established. (*Dooling* v. *Dabel* (1947) 82 Cal.App.2d 417 [186 P.2d 183].) All conflicts must be resolved in favor of the prevailing party and the evidence viewed in the light most favorable to him. (*O'Banion* v. *Borba* (1948) 32 Cal.2d 145 [195 P.2d 10].) ■ Respondents actually used the roadway beginning in 1972 for over six years. Their use was frequent, often several trips a day, and, in addition, numerous social guests, church and school groups invited by respondents, as well as workmen and supplies involved in the construction of respondents' house traveled the road without interference. Respondents on two occasions moved a large mobilehome by transport onto their property and OTA complained to them on one occasion of damage done to his tomato plants by the passage of the mobilehome down the road. ■ The fact that a roadway is used by family, guests, relatives and business invitees is evidence that supports the inference that use was adverse and not permissive. (*Castillo* v. *Celaya* (1957) 155 Cal.App.2d 469 [318 P.2d 113].) ■ Appellants OTA and PARSONS had actual knowledge of respondents' use. Notice to CROCKER can be inferred or implied since visible, open and notorious use implies that the owner had either actual or constructive notice. (*Murray* v. *Fuller* (1947) 82 Cal.App.2d 400 [186 P.2d

157]; *Conaway* v. *Toogood* (1916) 172 Cal. 706 [158 P. 200]; *Chapman* v. *Sky L'Onda etc. Water Co., supra,* 69 Cal.App.2d 667.) ▇ Where road use indicates to the owner that it is under a claim of right, the fact that the road is used by others as well does not impair such claim. (*Sufficool* v. *Duncan* (1960) 187 Cal.App.2d 544 [9 Cal.Rptr. 763].) Thus, exclusiveness of user is not essential to acquisition of a prescriptive easement. (*Miller* v. *Johnston* (1969) 270 Cal.App.2d 289 [75 Cal.Rptr. 699].)

Furthermore, merely because the public also uses the easement does not preclude the acquisition by an individual of a right based upon his own use. His right, however, must be based on his individual use rather than use as a member of the public. (*O'Banion* v. *Borba, supra,* 32 Cal.2d 145.) ▇ In the instant case we find that the evidence supports that respondents' claim of right was individual rather than as a member of the general public. One example is their moving large mobilehomes on and off their property, causing damage to Ota's plants.

That respondents' use of the road was under claim of right is substantiated by the evidence since respondents testified they believed they had a prescriptive right to use the road, they never asked permission, never discussed the use of the road with Crocker or Ota, used the road openly, and were never given permission by appellants. No one ever questioned their right to use the road. (See, *Twin Peaks Land Co.* v. *Briggs, supra,* 130 Cal.App.3d 587.) Parsons testified that he did not remember any periods of nonuse of the road by respondents and Ota testified that he considered respondents' use to be without permission. ▇ Where a hostile witness employs expressions favorable to the side he opposes, the court may properly attach more importance thereto than to the main part of his narrative. (*Fleming* v. *Howard, supra,* 150 Cal. 28.)

Appellants exaggerate in stating that if subjective belief of user is sufficient to establish prescriptive rights, one would have to question the occupants of every vehicle to ascertain their motives. Appellants could have posted the appropriate sign provided for by Civil Code section 1008, as was posted by Parsons in 1980 after the instant suit was filed, or could have recorded a notice of revocable consent under Civil Code section 813. "Nor did plaintiffs erect permissive use signs or take other steps to preserve their rights as they might have done (see Civ. Code, § 1008), a significant evidentiary fact in most jurisdictions." (*MacDonald Properties, Inc., supra,* 72 Cal.App.3d at p. 703.)

The assertion that there was insufficient objective hostile and adverse use to support a mistaken claim of right is likewise incorrect. Appellants have cited no authority for the proposition that a person who uses the land of

another mistakenly has a greater burden to establish a prescriptive easement than does one who enters the land of another intending his use to be hostile to the title of the true owner. (See, *Miller* v. *Johnston, supra,* 270 Cal.App.2d 289; *Gilardi* v. *Hallam* (1981) 30 Cal.3d 317 [178 Cal.Rptr. 624, 636 P.2d 588].)

In the case at bar respondent Max Applegate knew the road had been in continuous use since 1932 and assumed he had a prescriptive right to use the road. He thereupon used the road as though he had a right to do so. Such use is sufficiently hostile and adverse to support a claim of right.

## II

### SUBSTANTIAL EVIDENCE IN SUPPORT OF SCOPE OF EASEMENT AWARDED

■ Appellants argue that the trial court erred in granting a 20-foot wide easement when the paved road is currently only 10 feet wide. It is true that the extent of a servitude is determined by the terms of the grant, or the nature of the enjoyment by which it was acquired. (Civ. Code, § 806.) ■ Nevertheless, the rule that the use of a prescriptive easement is fixed and determined by the manner of use in which it originated and cannot be extended or increased has been modified to allow such increased use if the change is one of degree, not kind. Furthermore, in ascertaining whether a particular use is permissible under an easement created by prescription, the needs which result from a normal evolution in the use of the dominant tenement and the extent to which the satisfaction of those needs increases the burden on the servient tenement must be considered. The increase must be a normal development, reasonably foretold, and consistent with the pattern formed by the adverse use by which the prescriptive easement was created. (*Cushman* v. *Davis* (1978) 80 Cal.App.3d 731 [145 Cal.Rptr. 791]; see also *Hill* v. *Allan* (1968) 259 Cal.App.2d 470 [66 Cal.Rptr. 676].) The ultimate criterion determining the scope of a prescriptive easement is that of avoiding increased burdens on the servient tenement while allowing some flexibility in the use of the dominant tenement. (*Pipkin* v. *Der Torosian* (1973) 35 Cal.App.3d 722 [111 Cal.Rptr. 46].) In *Pipkin,* the appellate court held it was error to define the prescriptive easement exclusively in terms of the use to which the dominant estate was put during the prescriptive period "provided that the nature, scope and extent of the use does not substantially increase the burden placed upon the servient tenement as it existed during the period that the prescriptive easement was acquired." (P. 729.) The wording of the court's judgment in the instant case was fashioned to allow maximum necessary use by respondents which would not impose a greater burden on the servient tenement. We find no error in that order.

■ Contrary to appellants' assertion that respondents could gain no more than prayed for in their complaint, i.e., an easement for ingress and egress, and should be limited to the actual width of the paved road, a court of equity is not limited in granting relief by demands and offers of parties themselves but may fashion a decree which will do justice to all parties, *Redke* v. *Silvertrust* (1971) 6 Cal.3d 94 [98 Cal.Rptr. 293, 490 P.2d 805], and slight deviation from accustomed routes does not defeat an easement. (*Matthiessen* v. *Grand* (1928) 92 Cal.App. 504, 510 [268 P. 675].) An easement for "all purposes necessary" is consistent with the facts and within the parameters of the provisions of Code of Civil Procedure section 580, which provides that "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint, but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

That the trial court found respondents actually used twenty feet during the prescriptive period is supported by testimony indicating an additional five feet on either side of the road were necessary to enable vehicles to pass each other. ■ A prescriptive easement over a road can exceed the width of a paved road surface where evidence exists that vehicles have passed each other along the road. (*Crossett* v. *Souza* (1935) 3 Cal.2d 721 [45 P.2d 970].) In *Stevens* v. *Mostachetti* (1946) 73 Cal.App.2d 910 [167 P.2d 809], the appellate court affirmed the granting of an easement of 20 feet in width where 20 feet appeared to be an average width and where it was clear that not all 20 feet were used for the entire length of the road.

Appellants' argument that the respondents could cause the utility company to remove their poles and appellants to lose their crops is specious. The easement granted is nonexclusive and the users of the common easements have to accommodate each other. ■ Nor did the trial court err in ordering the removal of the fence. PARSONS erected the fence on the trust property after commencement of the lawsuit and without the trustee's knowledge or permission. During the course of the trial, the court expressed concern about the fence and questioned the legitimacy of its purpose. Upon stipulation, the court viewed the disputed easement and fence. Upon viewing the scene, the court could well have concluded the fence was built for spite. ■ The trier of fact's view of an area is independent evidence which can be considered by him in arriving at his conclusion and is substantial evidence in support of findings consonant therewith. (*Key* v. *McCabe* (1960) 54 Cal.2d 736, 739 [8 Cal.Rptr. 425, 356 P.2d 169]; *Miller* v. *Johnston, supra,* 270 Cal.App.2d 289, 304.) ■ All three respondents testified that they used the shoulder to pass other vehicles on the road and that the fence prevented their so doing. ■ A court of equity will in a proper case award a mandatory injunction for the protection and pres-

ervation of an easement, including, where the remedy is appropriate, an order for the removal of an obstruction already erected. (*Pacific Gas & Elec. Co.* v. *Minnette* (1953) 115 Cal.App.2d 698, 708 [252 P.2d 642].) ■ The challenged findings of the trial court are therefore supported by substantial evidence in both the testimony of respondents and the view of the scene by the trial court.

## III

### No Easement by Necessity

Appellants argue that since the trial court made a finding that the paved road is the only passable path for ingress and egress, respondents could not prove they used the road adversely for the statutory period unless they first proved the nonexistence of an easement by necessity. ■ Appellants correctly assert that a condition precedent to perfecting a prescriptive easement is the cessation of use by necessity. A way of necessity, no matter how long so used, will never ripen into a prescriptive easement because a way of necessity is deemed appurtenant to a grant of title. (See *Smith* v. *Skrbek* (1945) 71 Cal.App.2d 351 [162 P.2d 674].) ■ An easement by necessity arises by operation of law when a grantor conveys land that is completely shut off from access to any road by land retained by the grantor or by the land of the grantor and that of a stranger. (*Tarr* v. *Watkins* (1960) 180 Cal.App.2d 362 [4 Cal.Rptr. 293].) Respondents purchased their land from the estate of R. L. Brooks in 1972. Ota has owned his parcel over which the road passes since 1939 and Crocker has been responsible for the trust property since 1971. Brooks, therefore, could not have owned either servient tenement in 1972. Consequently, there could be no easement by necessity.

Appellants have failed to cite persuasive authority for their proposition that the continuous use prescription should be applied only in circumstances where those seeking prescriptive rights are the only users in question or where there is no evidence of implied or express permission. Likewise, the argument that the court failed to find that there was a definite and certain line of travel is inaccurate. The trial court's findings on that point are sufficient.[1]

---

[1]The trial court made the following pertinent findings: "4. The paved surface of said road varies in width from 10 to 12 feet, and extends between 5 and 6 feet on either side of that center line described on Exhibit A attached hereto. Prior to September of 1980, whenever it was necessary for two vehicles to pass on the road while travelling in opposite directions, as was common occurrence, either one vehicle would wait at the mouth of the road for the other to pass the length of the road, or each vehicle would bear to the driver's right to pass so that each vehicle would have its left wheels on the paved surface and its right wheels on the unpaved 'shoulder' area adjacent to the paved surface. When two vehicles passed in this fashion, the width occupied was approximately twenty (20) feet, or ten (10) feet on either side of the center line of the road."

Appellants' final contention, untimely raised in their reply brief, is that respondents should be required to pay reasonable compensation for acquisition to the right to use appellants' property.

In the case at bar, respondents have not obtained an exclusive easement. Since Civil Code section 845 provides a method for apportioning costs if no agreement is reached among owners of an easement, we believe the requested remand is unnecessary.

The judgment as entered is affirmed.

Abbe, J., and Gilbert, J., concurred.