Filed 11/15/21  Macciola v. Harms CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| FRANK MACCIOLA, as Trustee, etc. et al., <br><br> Plaintiffs and Respondents. <br><br> v. <br><br> DAVID HARMS et al., <br><br> Defendants and Appellants, | 2d Civ. No. B305868 <br> (Super. Ct. No. 17CVP-0260) <br> (San Luis Obispo County) |

Servient landowners appeal a judgment quieting title to a roadway easement and confirming plaintiffs' right to improve the easement.  We affirm.

FACTS

David and Jolene Harms own a parcel of property in Templeton in San Luis Obispo County.  The parcel is subject to a roadway easement that plaintiffs have used to access their homes for decades.

All but one of the plaintiffs, Gary Thatcher, has a recorded 40-foot-wide easement.  Thatcher has no recorded easement.

Plaintiffs obtained titles to their properties between 1977 and 2011. All the plaintiffs have used the roadway openly, continuously, and without the Harms' permission since they purchased their properties.

Except for the first 130 feet from the public road, the roadway used by plaintiffs is within the recorded easement. The first 130 feet deviate from the recorded easement due to the challenging terrain.

The road is unimproved. It is unsafe, particularly in winter. Paving the road will make it safer, improve drainage, and reduce maintenance. Paving will also increase the value of plaintiffs' properties.

## *Judgment*

The trial court awarded each plaintiff an easement for right of way across the Harms' land based on prescriptive easement, equitable easement, and, except for Thatcher, on deeded easement.

The trial court also granted plaintiffs the right to improve or construct improvements on their respective access easements described above, such as drainage improvements, grading, paving, installing guard rails, and the like, which are reasonably required to make use, maintenance, and repair of such easements safer and more convenient.

## DISCUSSION

## I

### *Prescriptive Easement*

The Harms appear to contend that the finding of prescriptive easement is not supported by substantial evidence. The substantial evidence rule requires that we view the evidence in a light most favorable to the prevailing party, not the losing

party.  (*SFPP v. Burlington Northern & Santa Fe Ry. Co.* (2004) 121 Cal.App.4th 452, 462.)

The Harms cite the elements for the creation of an easement by prescription.  The use of the land of another must be open and notorious, hostile to the true owner under a claim of right, and continuous and uninterrupted for five years.  (Citing *Twin Peaks Land Co. v. Briggs* (1982) 130 Cal.App.3d 587, 593.)

The Harms focus on the "hostile" element.  They claim that the witnesses' testimony "inferred acknowledgement of the right to use for 25 years."  The Harms apparently assume that their acknowledgement that plaintiffs had the right to use the easement eliminated the element of hostility.

But hostile use means nothing more than that plaintiffs were using the roadway to access their properties without the permission of the servient owner.  (*Felgenhauer v. Soni* (2004) 121 Cal.App.4th 445, 449.)  By acknowledging that plaintiffs had the right to use the roadway, the Harms acknowledge that plaintiffs' use is and was hostile to them.  In fact, each of the plaintiffs testified that they were using the road without the Harms' permission.

The Harms appear to argue that the trial court cannot find a prescriptive easement or an equitable easement over the express easement reserved in plaintiffs' deeds to their properties.  But Thatcher has no express easement, and the Harms cite no authority that prevents the court from quieting title to an easement under alternate theories.

## II
### *Scope of Easements*

The Harms contend the trial court erred in expanding the rights of the easement holders.

3.

The Harms object to the portion of the trial court's order allowing plaintiffs to construct improvements on their easements, such as improving drainage, grading, paving, and installing guardrails, reasonably required to make use maintenance and repair safer and more convenient.

The Harms argue the extent of a servitude is determined by the terms of the grant or the nature of the enjoyment by which it was acquired. (Citing *Applegate v. Ota* (1983) 146 Cal.App.3d 702, 711; Civ. Code, § 806.) That is true as a general rule. A grant or prescriptive use for a bicycle path does not authorize use for a six-lane freeway.

But here the trial court's order did not materially change the use of the easement. It is still a roadway for access to plaintiffs' properties. The court's order simply allows improvements to facilitate that use. Every easement includes the right to do such things as are necessary to full enjoyment of the easement, such as repairs, renewals, and replacements on the servient property. (*Dolnikov v. Ekizian* (2013) 222 Cal.App.4th 419, 428.)

Here the trial court's order allows improvements that make the roadway easement safer and easier to maintain. The improvements do nothing more than allow plaintiffs full enjoyment of the easement.

The Harms argue the trial court's order gives plaintiffs the equivalent of a fee simple. A fee simple conveys the fullest and most absolute estate in land known to law. (*Callahan v. Martin* (1935) 3 Cal.2d 110, 120.) Here plaintiffs' rights are confined to the use of the Harms' land as a roadway with the attendant right to improve and repair for roadway purposes. That is not a fee simple. The court's order does not give, and plaintiffs are not

claiming, the full and absolute right to use any portion of the Harms' land as they see fit.

DISPOSITION

The judgment is affirmed.  Costs are awarded to respondents.

<u>NOT TO BE PUBLISHED.</u>



GILBERT, P. J.

We concur:


PERREN, J.


TANGEMAN, J.

Matthew G. Guerrero, Judge

Superior Court County of San Luis Obispo

_____

Law Offices of Michael D. Kwasigroch, Michael D. Kwasigroch for Defendants and Appellants.

Ogden & Fricks, Roy E. Ogden for Plaintiffs and Respondents.